<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KHRISHAD CLARK, | : | |
| | : | Case No. 3:20-cv-10059 (BRM) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| THE STATE OF NEW JERSEY, | : | |
| | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is an Amended Petition for a Writ of Habeas Corpus (ECF No. 2), pursuant to 28 U.S.C. § 2241, brought by *pro se* Petitioner Khrishad Clark ("Petitioner"), a pretrial detainee currently confined at the Ann Klein Forensic Center in West Trenton, New Jersey, who challenges his pre-trial detention. This court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice and deny Petitioner a certificate of appealability.

**I. BACKGROUND**

According to his habeas petition, Petitioner is a pretrial detainee awaiting trial in Essex County, New Jersey. (*See* ECF No. 2.) Petitioner claims the prosecutor has video footage that is "extremely exculpatory" and that the prosecutor denies the existence of the footage. (*Id.* ¶¶ 3 & 6.) Petitioner alleges Essex County Prosecutors Office has a "blatantly malicious, and unlawful case against [Petitioner] for a slew of fabricated charges." (*Id.* ¶ 9.) Petitioner alleges that Essex

County Prosecutors' Office stopped and illegally cancelled Petitioner's scheduled trial. (*Id.* ¶ 10.) Petitioner claims multiple items exculpatory in nature have been withheld from him. (*Id.* ¶¶ 38-48.) Petitioner also appears to raise a 42 U.S.C. § 1983 civil rights claim, challenging the conditions of the Ann Klein Forensic Center. (*Id.* ¶¶ 59-67.)

**II. DISCUSSION**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n.5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit in

2

*Moore* held that although federal district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443.  Therefore, where no exceptional circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*

Here, Petitioner seeks to challenge his pending criminal proceeding by raising alleged evidentiary issues and making a possible speedy trial challenge. Petitioner does not assert that he has exhausted any claims in state court. Petitioner therefore appears to be attempting to prematurely raise his criminal defenses via habeas, a tact Third Circuit caselaw will not allow, especially in light of Petitioner's failure to present any extraordinary circumstances which would warrant pre-trial habeas jurisdiction. *Duran*, 393 F. App'x at 4; *Moore*, 515 F.2d at 443-45. Petitioner's habeas claims must therefore be dismissed without prejudice as Petitioner has failed to present claims over which this Court can exert pre-trial habeas jurisdiction as Petitioner has neither exhausted his claims nor presented extraordinary circumstances warranting habeas relief without exhaustion prior to his criminal trial.

The Court construes Petitioner's petition as also raising a civil rights claim challenging the conditions at the Ann Klein Forensic Center. (ECF No. 2 ¶¶ 59-67.) "[H]abeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers

of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv. L. Rev. 1551, 1553 (2001)). When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

A conditions of confinement claim is erroneously included in Petitioner's petition for writ of habeas corpus as it does not involve a challenge to the legality of his present incarceration. Consequently, the claim is dismissed without prejudice to his right to reassert it in a properly filed civil right action.

### III. CERTIFICATE OF APPEALABILITY

Although appeals from petitions brought pursuant to 28 U.S.C. § 2241 by federal prisoners do not require a certificate of appealability, *see, e.g., Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006), because Petitioner is a state pre-trial detainee, he is required to obtain a certificate of appealability to the extent that he wishes to challenge this Court's dismissal of his petition as his habeas petition challenges his detention which "arises out of process issued by a State court."  28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should

issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

### IV. CONCLUSION

For the reasons stated above, Petitioner's amended petition for a writ of habeas corpus (ECF No. 2) will be dismissed without prejudice and Petitioner will be denied a certificate of appealability.

An appropriate order follows.

DATED: March 19, 2021

                                                */s/Brian R. Martinotti*
                                                **HON. BRIAN R. MARTINOTTI**
                                                **UNITED STATES DISTRICT JUDGE**